ELISHA MATHEWS, Plaintiff in Error, *v.* JOHN SHORES, Defendant in Error.

ERROR TO HANCOCK.

In giving a construction to the Post Office laws, this court will feel justified in adopting the construction acted upon by the Post Office Department.

THIS was an action of assumpsit, by plaintiff in error against defendant in error.

There were originally two counts in the declaration. On trial, plaintiff entered a *nolle prosequi* to first count.

The second count alleges that defendant, on —— day of June, 1854, in the county of Hancock, in consideration that the plaintiff had bid the sum of $1,598 per year, at which sum per year he would transport the United States mail, on route No. 13,372, from Quincy by Ursa, etc., to Keokuk and back, daily, except Sundays, in two-horse coaches, for the term of four years, commencing on the 1st of July, 1854, and ending on the 30th of June, 1858, which bid was accepted by the United States ; and that plaintiff had, at request of defendant, assigned and transferred said bid, so accepted by the United States, to defendant, defendant promised plaintiff to pay him, plaintiff, the sum of one hundred dollars on request, and take said bid off the hands of plaintiff, and to execute contracts with the United States, with sureties, for transportation of the mail upon said

Mathews *v.* Shores.

route, in the place of plaintiff, and to perform all service required by law, and the rules and regulations of the Post Office Department, etc., on said route, for the term aforesaid, and if defendant failed or neglected to perform any of the above promises, then defendant would pay plaintiff the full amount of all liabibity he might incur, and all damages, losses, injuries, trouble and expense he might sustain and be put to, by reason of such neglect and failure, on part of defendant, to perform said promises.

Alleges that plaintiff did assign and transfer his bid to defendant, and that defendant has not paid him said sum of $100, except $50 ; that he did not take said bid off the hands of plaintiff, and execute contracts with the United States, with sureties, etc., for transportation of mails on said route in place of plaintiff, and did not perform service on said route as required by law and regulations of Post Office Department, etc., but wholly failed so to do ; whereby plaintiff's bid became forfeited and lost on the 1st July, 1854, and the United States, upon neglect and failure of defendant to perform his said promises, employed another person for seventy days, at twenty dollars per day, until contract for transportation of said mail upon said route could be re-let, to carry said mail in the meantime, and paid such person $1,400 therefor, and charged the same to plaintiff, and the United States collected, of said $1,400, the sum of $1,000 from plaintiff; that defendant has not paid said sums of money, although often requested.

The defendant filed the general issue to said declaration.

At the March term, 1858, before SIBLEY, Judge, a jury was impanneled to try the issue on said declaration, and on trial, defendant moved the court to instruct the jury to disregard said second count as faulty, which motion the court sustained, and the jury being instructed to disregard said count, found a verdict against plaintiff, upon which the court rendered a judgment for costs.

Plaintiff took a bill of exceptions to the decision of the court in instructing the jury to disregard said second count, at the time of said decision.

Errors assigned are : the sustaining defendant's motion, and instructing the jury to disregard said second count as faulty.

WILLIAMS, GRIMSHAW & WILLIAMS, and GEO. EDMUNDS, JR., for Plaintiff in Error.

Mathews *v.* Shores.

CATON, C. J.   The only question in this case is, whether Shores could have been substituted for Mathews in the contract with the Post Office Department, upon the accepted bid of Mathews.   If it was competent for the department to make such a substitution, then it was the duty of Shores to procure it to be done by the department, and to execute a contract with the government in place of Mathews.   Upon the most careful examination of the Post Office laws, we did not feel satisfied as to whether they permitted such a substitution as the contract set-forth in the second count of the declaration contemplated, and thought it safer to rely upon, and be governed by the rules and practice of the department.   Hence we applied to the Post Master General for information on the subject, and learn that the Post Office laws are so constructed as to permit the department to accept a substitute in place of the party whose bid was accepted, and to execute the contract with the substitute instead of the bidder, and that such is the constant practice of the department; and we are furnished with blanks to be filled up and executed by the parties, upon which the department acts in accepting the substitute and executing the final contract with him.   However we might be inclined to construe these statutes, were it an entirely new question, we cannot doubt as to the propriety of our adopting this construction, so acted upon by the department.   Even if the department has adopted a wrong construction, yet it shows that it was practicable for the defendant to have fulfilled his agreement with the plaintiff, by getting himself substituted for him in the contract.   And we are not prepared to say that it would have been unlawful to have done so.   If the contract was lawful, then the count was good.

We think the court erred in instructing the jury to disregard the second count, and the judgment must be reversed, and the cause remanded.

*Judgment reversed.*