## WILLIAMS v. THE STATE.

1. When an indictment has been returned against a defendant charging him with the crime of murder, and it is in due form except that there is omitted from the body thereof the names of the grand jurors, such defect can not be taken advantage of in a motion for new trial made by the defendant after his conviction, when it appears that, through his counsel, he expressly waived the defect, consented for the solicitor-general

to insert the names of the grand jurors in the body of the indictment, and then filed his plea of not guilty, upon which issue alone he went to trial before the jury.

2. When the State has consented to a verdict of not guilty as to one of two defendants jointly on trial under an indictment for murder, it is not error for the court to withdraw from the consideration of the jury the statement that has been made on the trial by such defendant.

4. On the trial of a defendant for murder, it is error for the court to charge the jury as follows : "If you find that the circumstances were sufficient to excite the fears of bodily harm less than death, or such bodily harm as might reasonably cause death, such killing would then be voluntary manslaughter." But where the evidence, and even the statement of the accused itself, demanded a conviction of an offense at least as great as voluntary manslaughter, the crime of which the accused was found guilty, this court will not reverse the judgment of the court below in refusing a new trial, on account of such error in the charge, especially in view of the fact that the charge as a whole fairly presented to the jury the law governing the issues in the case.

Submitted May 15, — Decided May 31, 1899.

Indictment for murder.    Before Judge Henry.    Floyd superior court.    January term, 1899.

*Wright & Ewing,* for plaintiff in error.
*Moses Wright, solicitor-general,* contra.

Lewis, J.    Guy Williams and Mack Williams were placed upon trial in Floyd superior court, under an indictment charging them with the offense of murder.    Before either of the defendants pleaded to the merits of the case, the solicitor-general in open court called attention to the fact that there was an omission to insert the names of the grand jurors in the body of the indictment.    This bill had been returned during the term of the court then in session, and there was a regular entry thereon of "true bill," signed by the foreman.    When the case was called the grand jury had been discharged, and defendants' counsel at once, in response to the above announcement of the solicitor, stated to the court :    "We have no objection; we had rather try the case now; the solicitor can fill it in if he wants to."    Thereupon the solicitor-general filled in the names of the grand jurors for the term, twenty-two in number, being all that were impaneled, and the defendants entered their pleas and went to trial.    At the conclusion of the evidence it was conceded by counsel for the State that

there was no testimony to authorize a conviction of the defendant Guy Williams; whereupon the court in his charge to the jury withdrew from their consideration the statement made by that defendant on the trial. There was a verdict of guilty of voluntary manslaughter as to Mack Williams; he moved for a new trial, and excepts to the judgment of the court overruling his motion.

1. One ground of the motion for a new trial is, that there was no bill of indictment against the movant to give the court jurisdiction, the instrument upon which the defendant was tried being originally a blank at the place in which the grand jurors' names should have been inserted. It is claimed that the verdict was null and void, first, because a valid bill of indictment is necessary in capital cases to give the court jurisdiction, and consent can not waive such error; and second, because a bill of indictment can not be amended to give jurisdiction. Section 929 of the Penal Code prescribes a form for every indictment or accusation of a grand jury, and the form prescribed evidently contemplates the insertion in the body of the indictment of the names of the grand jurors who pass upon the bill. Section 955 provides that all exceptions which go merely to the form of an indictment shall be made before trial. In order to determine what is meant by the expression, "merely to the form of an indictment," we must have reference to that section of the Penal Code which prescribes the form. But it is contended that the names of the grand jurors who acted on the indictment are not merely a matter of form, but that they are absolutely necessary to give the indictment any validity whatever, and that the indictment without these names is nothing more nor less than a blank piece of paper. We do not think, however, that in the absence of any statute upon the subject, an indictment would be fatally defective on account of an omission therefrom of the names of the grand jurors. When an indictment charges that it was by grand jurors selected, chosen, and sworn at a particular term of court, the names of those thus officially acting upon this instrument can be readily ascertained from the minutes of the court itself, and therefore the insertion of those names in the body of the·

indictment is simply intended as a compliance with a mere form prescribed by the statute. It would seem that the real entry which is necessary to give the paper authenticity as an indictment by the grand jury is the indorsement of that action upon the paper, signed by the foreman of that body, and that recitals in the indictment that it was found by the grand jury of a particular term, in the absence of any form prescribed by statute, would carry with it the presumption that the identical jurors who served at that term actually passed upon the bill and authorized the entry of the action placed thereon by the foreman. Indeed, it is probably the general practice that the writing of the names of the grand jurors in the bill of indictment is merely. clerical work, which may be performed before the bill is acted upon, by the solicitor-general or·by the clerk of the grand jury.

At one time there seems to have been some conflict of authority as to whether or not it was necessary to insert at all the names of grand jurors in an indictment, but, as far as our investigation has extended, the very decided weight of the modern decisions upon the subject is that such form is now entirely unnecessary. In 10 Enc. Pl. & Pr. 429, it is asserted: "An indictment itself need not state the names of the grand jurors, as this, if necessary at all, is proper matter for the caption or the record. It was formerly necessary, it seems, that the names and number of the grand jurors should appear in the caption, but it was afterwards decided otherwise, and if it appears that the legal number constituted the jury this will be sufficient." See also this subject treated in 1 Bish. New Cr. Proc. §§ 655 et seq., and authorities cited; 1 Saunders (Faulkner's case), 248*a*. Of course when the statute requires the insertion of the names of the grand jurors in the body of the indictment, an omission to comply with the provision renders the instrument defective, but if it is unnecessary without such statutory requirement, then it may be treated in the light of a mere form required by law, which a party has the right to waive, and if he seeks to take advantage of the defect he must do so in the manner prescribed by the law itself; that is, must make his exceptions before trial. In the case of Will-

iams v. People, 54 Ill. 422, it was decided: "While it is usual, and would be more formal, to insert in the record in a criminal case the names of the persons composing the grand jury who found the indictment, yet it is not essential, to support a verdict of guilty, that the record should affirmatively show even that the requisite number of grand jurors was present at the time of the organization of the ¿body." That was a case of murder. In the case of Dawson v. People, 5 N. Y. Ct. App. 399 (bottom page 942), it was held that, "After verdict and judgment, the allegation in an indictment that it was found by 'a grand jury of good and lawful men' is sufficient, although the names or number of the grand jurors by whom it was found are not stated. If the objection that the grand jurors are not named in the caption is available at all, it must be presented on motion to quash the indictment or by demurrer."

We do not know that this exact question has ever been passed upon by this court, but we think it clearly falls within principles which have been recognized by it in matters of criminal pleading. For instance, in the case of *Forrester* v. *State*, 34 *Ga.* 107, it was decided that after a plea of guilty judgment would not be arrested because a blank, left in the indictment for the name of the county for which the grand jurors were sworn, had not been filled up. It does seem that an omission of the name of the county where the grand jurors were selected, chosen and sworn would be as fatal to the jurisdiction of the court as a mere omission of the names of the grand jurors. In the case of *Barlow* v. *State*, 77 *Ga.* 448, it appeared that after the trial had proceeded to the extent of swearing the jury, the prosecuting attorney discovered that the accusation as it had been amended by consent of defendant's counsel alleged that the property stolen belonged to the accused instead of to the prosecutor. The court allowed that defect to be amended over objection of defendant's counsel. It was held that the agreement in open court that the accusation might be changed from simple larceny to larceny from the house embraced the right of the solicitor to make a good and perfect accusation for the latter offense; and having been made when the solicitor could have withdrawn the accusation

and presented another, it was right to allow it to be consummated by the making of the amendment which was objected to.    It is true that was an accusation and not an indictment, but the principle is the same, for the statute prescribes certain means by which such accusations shall be framed ; for instance, that they shall be founded upon the affidavit of a prosecutor; and if an agreement in open court will dispense with such formalities in the case of an accusation, we do not see why the same rule will not apply to an indictment.    We therefore think that even if the alleged defect in this indictment had not been observed until after trial, it was then too late for the defendant to make the objection.    But in this case counsel for defendant not only knew of the defect before pleading to the merits, but actually waived it for the accommodation of the defendant himself, consented for the solicitor to fill in the names of the grand jurors, which was accordingly done, and went to trial on his plea of not guilty.    When he pleaded, therefore, the record was perfect on its face.    As this court has said in the case of *Lampkin* v. *State*, 87 *Ga.* 517, "It is not sound practice for counsel to remain silent, take the chances of acquittal for his client, and then, after conviction, urge the juror's incompetency as a ground for setting the verdict aside."    Much less would it be sound practice to allow counsel to waive a defect for his own convenience, take the chances of an acquittal, and then, after conviction, urge such defect as a reason for setting aside the verdict.    *Hoge* v. *State*, 39 *Ga.* 719.    The principle can not be expressed in stronger language than the following from the decision in *Sarah* v. *State*, 28 *Ga.* 576 (2):    " As the prisoner may waive even a trial itself, and be capitally punished upon his own confession of guilt, he may waive every other right or privilege.    The greater includes the less, or the whole the parts."

2. Error is also alleged in the motion for a new trial, because the court withdrew from the jury the statement of Guy Williams, one of the defendants.    The defendant in a criminal case is allowed to make such statement as he may see proper in his own defense.    He can not make such a statement in defense of any one else, though such other person be a codefend-

ant on trial for the same crime. Manifestly, then, when it was conceded that this defendant should have a verdict of acquittal, his case was no longer before the jury for investigation, and therefore his statement constituted no legal evidence whatever as to the guilt or innocence of the remaining defendant.

3. Exception is further taken to the following charge of the court: "If you find that the circumstances were sufficient to excite the fears of bodily harm less than death, or such bodily harm as might reasonably cause death, such killing would then be voluntary manslaughter." By reference to the entire charge of the court, we find upon the whole that it gave fairly to the jury the law governing the real issues in the case. For instance, in the very next sentence after the one just quoted, the judge charged the jury as follows: "But if you find the circumstances were sufficient to so excite the fears of death, or such grievous personal injury that might reasonably cause death, at the hands of the deceased, then such killing would be justifiable homicide." The sentence excepted to was evidently a mere inadvertence on the part of the judge, for the idea expressed therein is diametrically opposite to what follows, and opposed to the principles laid down by the judge in divers other parts of the charge bearing on the law of voluntary manslaughter. We do not mean to say, however, that in a close case such an error might not require the grant of a new trial; but in this case the evidence for the State tends strongly to make out a case of murder,—certainly it is enough to authorize a conviction of this highest grade of manslaughter. Taking the defendant's own statement, we think he utterly failed to make out for himself a case of justification. He admits the killing, and, from what he says, his life was not at the time in danger, and he was not being attacked in such a way as to put a reasonably courageous man in fear of jeopardy to his life. We think, therefore, that a verdict for at least voluntary manslaughter was demanded, and for this reason the judgment of the court below, overruling the motion for a new trial, will not be reversed on account of the error of law above mentioned, as no other proper verdict, except for a graver offense, could be rendered on another trial.

There are a few other grounds in the motion for a new trial, but they are so utterly void of merit that we deem it unimportant to call attention to them.

*Judgment affirmed.   All the Justices concurring.*

.. LITTLE, J.   I concur in the judgment.