Crew, J.
The respondent in this ease, J. I. Smith, as county auditor of Crawford county, Ohio, in the answers filed by him to relators’ petition and the amendment thereto, admits the truth of the allegations of said petition and amendment, and pleads by way of justification, and as matter of excuse, for the nonperformance by him of the acts, performance of which it is sought to compel by mandamus, that: “he ought not to be required to enter the unpaid and delinquent taxes of former years on the delinquent tax duplicate of said (Crawford) county for the year 1903, for the reason that said treasurer can proceed to collect said taxes by civil action without the same being entered and placed on the delinquent duplicate of 1903.” This court having decided in the case of Hull v. Alexander, Treasurer, 69 Ohio St., 75, that: “The action by the county treasurer for the collection of delinquent personal taxes authorized by section 2859, Revised Statutes, must be for taxes standing charged on the duplicate of the current year, or the delinquent duplicate,” it follows that these ánswers tender no issue with the allegations of relators ’ complaint, and as defenses are wholly insufficient in law. This case therefore stands in this court as if upon a general demurrer to relators ’ complaint, and the sole question presented on this record for our consideration is, does relators’ petition, as amended, state facts sufficient in law to entitle them to a peremptory writ of mandamus, as prayed for in said petition? This we think must be answered in the *38 negative. It must now be accepted as a thoroughly well settled rule, that a peremptory writ of mandamus will not, in any case, be granted, unless the right of the relator thereto be clear, and the act, performance of which is desired, be one of absolute obligation on the part of the person or officer sought to be coerced; and before such writ will be allowed the relator must show not only a clear legal right to have done the specific act desired, but to have it done by the particular person or officer sought to be coerced; and a plain dereliction of duty must be established against such person or officer before the writ will be awarded. In Selby, Auditor, v. The State ex rel. King, 63 Ohio St., 543, Shauck, C. J., says: ‘ ‘ Thevoffice of the writ of mandamus is clearly indicated by the definite terms of section 6741 of the Revised Statutes. The writ is there defined in accordance with the view taken by the courts at the time of the adoption of the constitution, and the vesting of jurisdiction of the action. The writ may issue to command ‘the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.’ It may not issue to compel the performance of an act not so enjoined.” Section 2855, Revised Statutes, provides as follows: “Immediately after the semi-annual settlement in August, the county auditor shall, annually, make a tax-list and duplicate thereof of all the taxes on personal property remaining unpaid, as shown by the treasurer’s books, and the delinquent record as returned by him to the auditor, which tax-list and duplicate shall contain the name, valuation, and amount of personal property taxes due and unpaid, and ten per centum penalty added to the said taxes; and he shall deliver said duplicate to the treasurer *39 on the fifteenth day of September, annually. ’ ’ This section prescribes when, how and from what, the delinquent duplicate shall be made up by the county auditor, and it contains the only authority conferred, and the only obligation or duty imposed, by law upon county auditors with respect to the entering of delinquent personal taxes upon the tax duplicate. By the provisions of this section such delinquent duplicate is to be made up by the áuditor by entering thereon “all the taxes on personal property remaining unpaid, as shown by the treasurer’s boohs and the delinquent record as returned by him to the auditor.” It will be observed that by the provisions of this section this delinquent duplicate is to be made up by the county auditor annually, immediately after the .semi-annual settlement with the county treasurer in August of each year, and is required to contain only such unpaid delinquent taxes on personal property as shall be shown by the treasurer’s books and the delinquent record returned by him to said auditor. This statute, in terms, only requires, and we think was only intended to require, the county auditor when making up such delinquent duplicate in any year, to. place and enter thereon for the current year such taxes on personal property as remain due and unpaid as shown by the treasurer’s books and the delinquent record then (at the time of such settlement) returned by the treasurer to said auditor. This statute — section 2855 — has been in force substantially in its present form for almost thirty years, and it is conceded by counsel for relators that the uniform practical construction placed upon said statute by the officers charged with its execution, has been that the same imposes upon county auditors, in the making up of said delinquent duplicate the ob-’ *40 ligation or duty to carry into such duplicate only the taxes upon personal property appearing as due and unpaid upon the last preceding tax duplicate as returned by the treasurer to the auditor at the time of his semi-annual August settlement immediately preceding the time of making up such delinquent duplicate. While the practical construction thus adopted cannot be admitted as absolutely controlling, it is nevertheless, we think, deserving of consideration and should, perhaps, be regarded as decisive in a case of doubt, or where the obligation imposed or the duty enjoined is not plain and specific. Union Insurance Co. v. Hoge, 21 Howard, 35; Mathews v. Shores, 24 Ill., 27; Solomon v. Commissioners of Cartersville, 41 Gra., 157; 26 Encyclopedia of Law, 635. The duties of the county auditor with respect to making up the delinquent tax duplicate are such only as are prescribed by statute, and a court is without right to require of' him the performance of any service in that behalf not specifically enjoined upon, or required of him by law. If it be granted that by section 2855, the duty is imposed upon the county auditor in making up the delinquent duplicate, to carry forward onto such duplicate all of the taxes on personal property theretofore charged in any previous year and remaining unpaid, regardless of whether such delinquencies are shown by the treasurer’s books as returned by him to the auditor at the time of his semi-annual settlement in August next preceding the time of the making up of such delinquent duplicate, then and in that event, it became and was the duty of the predecessors in office of the respondent herein, J. I. Smith, who became auditor of Crawford county, October 20, 1902, in making up the delinquent duplicate for' the years previous to *41 the year 1902, to enter thereon all over-due and unpaid taxes on personal property charged on any and all delinquent duplicates prior to said year 1902, and while the omission of the several auditors in previous years, to so make up such delinquent duplicates, and (to enter thereon such unpaid personal taxes, would not excuse or relieve the present auditor, J. I. Smith, from the performance of any duty specifically imposed upon him in that behalf, yet before he can be compelled by mandamus to make a new or additional duplicate for the year 1903, and bring forward and enter thereon all delinquent taxes on personal property from the year 1890 to the year 1902, a service which if required at all, w*as one imposed by law upon his predecessors in office, his obligation so to do must be clear and the duty one “which the law specifically enjoins,” otherwise the relief, if any is to be had, must come from the legislature and not from the courts. In this case it is not claimed by relators in their petition that the respondent, J. I. Smith, as auditor of Crawford county, in making up the delinquent tax duplicate of said county for the year 1903, omitted therefrom any taxes on personal property that were shown to be due and unpaid by the treasurer’s books or the delinquent record as returned to said auditor at the time of the semi-annual settlement in August, 1903. The only complaint on the part of relators being that said auditor neglected, and now refuses, to carry into said delinquent duplicate for 1903, the delinquent personal taxes omitted to be carried forward by former auditors for the years, from 1890 to the year 1902. We are of the opinion, therefore, that the particular service which it is sought to compel the respondent in this case to *42 perform, is not one which the statute “specifically enjoins upon him as a duty resulting from his office,” and the right of relators to the relief asked not being clear, a peremptory writ of mandamus was properly refused by the circuit court.

Judgment affirmed.

Speak, C. J., Davis, Price and Summers, JJ., concur.