## TAYLOR *v.* THE STATE.    MARSHALL *v.* THE STATE.

An indictment was indorsed "true bill," and signed by B. as foreman of the grand jury. In the body of the indictment the names of the grand jurors were stated, B's name being among the number, but the word "foreman" was written opposite the name of another juror. *Held,* that the difference in the designation of foreman in the indorsement and the body of the indictment constituted no reason for quashing the indictment.

Submitted November 22,— Decided December 9, 1904.

Indictments.    Before Judge Felton.    Houston superior court, October 11, 12, 1904.

The indorsement "true bill" on each of the indictments in these cases is signed by O. C. Bateman, foreman.   In the body of the indictments appear the names of 23 members of the grand jury, including that of O. C. Bateman, but the word "foreman" is written to the right of the name of R. G. Blewster.   The accused demurred to the indictments, on the ground that R. G. Blewster appears in the indictments as foreman instead of the duly elected foreman O. C. Bateman, who appears as such on the back of the indictments and who is shown to be such by the minutes of the court.   The court overruled the demurrers, and each of the accused excepted.

*John R. Cooper, J. T. Jeter,* and *Wilfred C. Lane,* for plaintiffs in error.   *John C. Hart, attorney-general,* and *William Brunson, solicitor-general,* contra.

COBB, J.   It has been held that the names of the grand jurors need not be stated in the indictment; that it is sufficient if the indorsement "true bill" is signed by the foreman; that it is immaterial on which part of the indictment the foreman's signature appears; that it is sufficient if the foreman merely signs his name, with no mention of his official character, because the latter appears of record.   See Hughes' Crim. L. & Proc. § 2686; 10 Enc. Pl. & Pr. 429; 1 Bish. Cr. Proc. (2d ed.) § 698; People *v.* Bennett, 37 N. Y. 117; State *v.* Bowman, 103 Ind. 69; State *v.* Murphy, 9 Port. (Ala.) 487; State *v.* Cook, Riley L. (S. C.) 234.   And it has also been held that where the indorsement "true bill" is signed by a person as foreman, and the record shows that another person was appointed as foreman of the grand jury, the presumption would be that the person so appointed had been discharged and the one signing the indorsement appointed in his stead.   Mohler *v.* People, 24 Ill. 27.   In *McGuffie v. State,* 17 *Ga.* 497 (8), 510, it was held that the failure of the foreman to sign the indorsement of "true bill" on the indictment would not be a sufficient reason for arresting the judgment, and it was said that such failure would not even make the indictment defective.   In *White v. State,* 93 *Ga.* 47, 51, the indorsement was signed by Quarles, "foreman," and in the list of grand jurors appearing in the indict-

ment Quarles was designated as "foreman pro tem." There was held to be no merit in an objection based upon these facts.

Under the statutory form for indictments in this State it would seem to be mandatory that the names of the grand jurors should be inserted in the indictment. Penal Code, § 929. See *Williams v. State*, 107 *Ga.* 724. But there is no statutory requirement that one of the grand jurors should be designated as foreman in the indictment. In the present case there is no transcript from the minutes of the court in the record showing who was the duly appointed foreman. The indorsement would seem to be the proper place to look to determine this question. If this is true, then Bateman was the foreman, and the word "foreman," appearing after the name of Blewster in the body of the indictment, may be treated as surplusage. Or it may be, as was held in the Illinois case, that the court will presume that Blewster was foreman when the indictment was drawn, that he was discharged, and that Bateman had been appointed foreman when the indorsement "true bill" was signed. At any rate, the presumption will be indulged, until the contrary is made properly to appear, that Bateman had authority to sign the indorsement. So that, whichever view be taken, there is no merit in the objection.

This view of the matter renders it unnecessary to determine whether the objection to the indictment was properly raised by demurrer, or whether it should have been raised by a plea in abatement.          *Judgment affirmed. All the Justices concur.*