### 5434. WILLERSON *v.* THE STATE.

Where an indictment was objected to by demurrer and motion to quash, on arraignment and before pleading, because it failed to show the names of the grand jurors who found it, the objection should have been sustained and the indictment quashed.

DECIDED APRIL 18, 1914.

Indictment for sale of liquor; from Murray superior court—Judge Fite.  December 8, 1913.

*William E. Mann,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.

WADE, J.  Sid Willerson was tried in the superior court of Murray county on a special presentment charging him with the offense of selling alcoholic, spirituous, malt, and intoxicating liquors, etc. On arraignment and before pleading, and without waiving any rights, the defendant demurred in writing and moved to quash the presentment, on the ground that the names of the grand jurors who found the bill did not appear therein, though the words, "True bill" and "Presentment," were endorsed on the bill, and the endorsement was signed "Nich. H. Henry, foreman."  The court overruled the demurrer and refused to quash the bill, and the defendant filed exceptions pendente lite.  The trial proceeded and the accused was found guilty.  His motion for a new trial was denied, and he brought the case to this court, assigning error upon the exceptions pendente lite, and upon the refusal of a new trial. The question thus squarely presented to this court for determination is whether, under our Penal Code, § 954, prescribing a set form for every indictment of a grand jury, it is essential that the names of the grand jurors finding the bill or presentment shall appear in the indictment itself or in the caption thereof.  Under the view we take of the question stated above, it is unnecessary to discuss the remaining exceptions.

The question as to the validity of an indictment, where the names of the grand jurors finding the indictment have been entirely omitted, has never been settled by the rulings of the Supreme Court or by this court.  There have been a number of decisions in Georgia where the question was whether there was a *waiver* of various defects in indictments by pleading thereto or by failure to enter objection at the proper time; and in the discussion of some of these cases the court uttered reflections, indulged in conjectures, and even pronounced conclusions as to the legal effect in Georgia of omitting the names of the grand jurors from an indictment, but in none of such cases, so far as we have been able to discover, was the exact point now under consideration involved or the determination of the question necessary for their adjudication; and while the cases referred to are of great interest, they are not binding upon the trial or reviewing courts of this State as authority.

Justice Lewis said, in the case of *Williams* v. *State,* 107 *Ga.*
721 (33 S. E. 648) : "We do not think, however, that in the ab-
sence of any statute on the subject, an indictment would be fatally
defective on account of an omission therefrom of the names of the
grand jurors;" and in *Taylor* v. *State,* 121 *Ga.* 362 (49 S. E. 317),
Justice Cobb said: "Under the statutory form for indictments
in this State, it would seem to be mandatory that the names of the
grand jurors should be inserted in the indictment, . . but
there is no statutory requirement that one of the grand jurors should
be designated as foreman in the indictment." The variance here is
merely apparent, since Justice Lewis simply declared that "in the
*absence* of any statute on the subject" (speaking generally) an in-
dictment would not be fatally defective on account of the omission
therefrom of the names of the grand jurors, without indicating
whether in his opinion there was such a statute in this State; and
Justice Cobb, speaking specifically as to the law in Georgia, said:
"Under the statutory form for indictments in this State, it would
seem to be mandatory that the names of the grand jurors should be
inserted in the indictment," which plainly declares that in the
judgment of the distinguished writer of that opinion, there was a
"statute on the subject" in Georgia, which made the insertion of
the names of the grand jurors in an indictment mandatory. Justice
Lewis, in the *Williams* case, supra, said (p. 724) : "Of course
when the statute requires the insertion of the names of the grand
jurors in the body of the indictment, an omission to comply with
the provision renders the instrument defective, but if it is un-
necessary without such statutory requirement, then it may be
treated in the light of a mere form required by law, which a party
has the right to waive, and if he seeks to take advantage of the
defect he must do so in the manner prescribed by the law itself;
that is, must make his exceptions before trial." In the same
opinion Justice Lewis said that it appeared that this exact question
had never been passed upon by the Supreme Court of this State;
and, as already herein indicated, it has not been passed upon since
the rendition of that decision, either by the Supreme Court or by
the Court of Appeals of this State. Justice Lewis said in that
case: "Section 929 of the Penal Code [Penal Code of 1910,
§ 954] prescribes a form for every indictment or accusation of a
grand jury, and the form prescribed evidently contemplates the in-

sertion in the body of the indictment of the names of the grand
jurors who passed upon the bill." The learned Justice said fur-
ther: "We do not think, however, that in the absence of any statute
upon the subject, an indictment would be fatally defective on ac-
count of an omission therefrom of the names of the grand jurors.
When an indictment charges that it was by grand jurors selected,
chosen, and sworn at a particular term of court, the names of those
thus officially acting upon this instrument can be readily ascer-
tained from the minutes of the court itself, and therefore the in-
sertion of those names in the body of the indictment is simply in-
tended as a compliance with a mere form prescribed by the statute.
It would seem that the real entry which is necessary to give the
paper authenticity as an indictment by the grand jury is the en-
dorsement of that action upon the paper, signed by the foreman of
that body, and that recitals in the indictment that it was found by
the grand jury of a particular term, *in the absence of any form
prescribed by statute,* would carry with it the presumption that the
identical jurors who served at that term actually passed upon the
bill and authorized the entry of the action placed thereon by the
foreman." As stated by Justice Lewis, it is said in 10 Enc. Pl. &
Pr. 429: "An indictment itself need not state the names of the
grand jurors, as this, if necessary at all, is proper matter for the
caption or the record. It was formerly necessary, it seems, that the
names and number of the grand jurors should appear in the cap-
tion, but it was afterwards decided otherwise, and if it appears
that the legal number constituted the jury, this will be sufficient."
In the particular case decided, the question involved was not
whether the indictment, which was in due form except that the
names of the grand jurors were omitted from the body thereof, was
fatally defective, but whether the defendant could take advantage
of such a defect in a motion for a new trial made after his con-
viction, when it appeared that he had expressly waived the defect
through his counsel and had consented for the solicitor-general to
insert the names of the grand jurors in the body of the indictment,
and then filed his plea of not guilty, upon which alone he went to
trial before the jury. Hence it will be seen that all we have quoted
on the question under consideration from *Williams* v. *State* was
mere obiter, as that case depended solely upon the sufficiency of the
waiver of the apparent defect in the indictment.

In the case of *Taylor* v. *State,* supra, the defendant was convicted on an indictment which was indorsed "true bill," and signed by B. as foreman of the grand jury, whereas in the body of the indictment, where the names of the grand jurors were stated, including that of B., the word "foreman" was written opposite the name of another juror; and it was held that the difference in the designation of the foreman in the indorsement and in the body of the indictment constituted no sufficient reason for quashing the indictment. In the opinion Justice Cobb said: "It has been held that the names of the grand jurors need not be stated in the indictment; that it is sufficient if the indorsement 'true bill' is signed by the foreman; that it is immaterial on which part of the indictment the foreman's signature appears; that it is sufficient if the foreman merely signs his name, with no mention of his official character, because the latter appears of record" (citing a number of decisions from other States and text-books as authority for these statements). He further says in the same opinion, as already quoted: *"Under the statutory form for indictments in this State, it would seem mandatory that the names of grand jurors should be inserted in the indictment.* Penal Code, § 929. See *Williams* v. *State,* 107 *Ga.* 724. But there is no statutory requirement that one of the grand jurors should be designated as foreman in the indictment." It will be seen from examination that the expression of Justice Cobb to the effect that the statute in this case is mandatory, and requires that the names of the grand jurors should be inserted in the indictment, was not a necessary utterance to determine the case then sub judice, so that the assertion quoted is likewise an obiter.

In the case of *Barlow* v. *State,* 127 *Ga.* 58 (56 S. E. 131), Justice Lumpkin quoted with approval the statement made in *Williams* v. *State,* supra, that "the real entry which is necessary to give the paper authenticity as an indictment by the grand jury is the endorsement of that action upon the paper, signed by the foreman of that body." That case turned however upon the sufficiency of the entry signed by the foreman and indorsed upon the paper, and not upon the presence or absence of the names of the grand jurors from the body of the indictment. In the case of *Forrester* v. *State,* 34 *Ga.* 107, Chief Justice Lumpkin said, in a terse opinion: "This objection, if good at all, which we by no means admit, comes too late. It ought to be taken advantage of by demurrer, and before

the defendant pleads to the merits: See Code of Georgia. And after the plea of guilty is filed, judgment will not be arrested because a blank left in the indictment for the name of the county for which the grand jurors were sworn, has not been filled." It will be noted that the defect in that indictment was waived because the defendant not only failed to demur, but entered a plea of guilty, and thereafter made a motion in arrest of judgment. In the case of *Lambert* v. *State*, 11 *Ga. App.* 149· (74 S. E. 858), it was held: "After a verdict of guilty, judgment will not be arrested because a blank left in the indictment for the name of. the county for which the grand jurors were sworn has not been filled, the name of the county being stated in the caption of the indictment;" citing *Forrester* v. *State*, 34 *Ga.* 107. It appears that in *Lambert* v. *State,* supra, a motion in arrest of judgment was made after the verdict of guilty, and evidently the defendant failed to demur to the indictment, but filed his plea of not guilty, which amounted to an admission of the genuineness of the indictment. In the case of *Reich* v. *State,* 63 *Ga.* 616, it appears that objection was made to the indictment because the names of the grand jurors thereon did not appear to be identical with those on the minutes of the court, and the court said: "The minutes can be corrected at any time so as to speak the truth. If not done before the trial, it may be done *nunc pro tunc* subsequently thereto. As to middle names the law cares little; as to wrong spelling, less; and as to slight inaccuracies, they are passed by as immaterial. The important question is, did the men chosen as grand jurors act and find the bill true? Are those who found the charge true identical with those who were drawn to pass upon the charge? The question is not so much *idem sonans* as it is *idem persona.*"

It was held in the case of the State *v.* Cook, Riley (S. C.), 234, that a motion to quash an indictment, on the ground that the names of the grand jurors were not set forth therein, was without merit; but it appears that the motion in that case was made after the defendants had pleaded to the indictment. In the case of The People *v.* Wilson, 109 N. Y. 351 (16 N. E. 542), the court said that an indictment which was objected to because it failed to state when and where the court was held at which it was found, the justice who held the court, and the names of the grand jurors, was a valid indictment, since "these matters are not now required to be

stated. The indictment conformed precisely with the requirements . . of the code of criminal procedure." It will be observed that this ruling was based upon a statutory provision which eliminated the necessity for reciting in an indictment the names of the grand jurors; and the court apparently intimated that such a recital would have been essential if the statute had not made it unnecessary.

It is said in 22 Cyc. 234 (d): "The names of the grand jurors need not be specified in the caption, although they must appear somewhere on the record;" and further that "The caption or some other part of the record should show that there were the number of jurors required by law." Id. 236. In 1 Bishop's New Criminal Procedure, § 665 (2), the learned author says: "Indeed, the whole question as to what the caption [of an indictment] should contain, appears, when approached through the American books, draped in mist and girded about with darkness;" and in § 666 the same author says it has been decided in England (and such is the general American doctrine), that it is not necessary to insert the names of the grand jurors in the caption of an indictment, "but the caption must show that the offense was presented by twelve jurors," etc. In Reeves v. State, 20 Ala. 33, Chief Justice Darwin says: "The caption of an indictment is that entry of record showing when and where the court is held, who presided as judge, the venire, and who were summoned and sworn as jurors, and this caption is applicable to and is a part of every indictment, and need not again be repeated in any part of the indictment." This is reaffirmed in Goodloe v. State, 60 Ala. 23.

Several things will be noted in a review of the decisions hereinbefore cited. In the first place, it appears that the question as to the validity of an indictment which fails anywhere to set forth the names of the grand jurors who found the indictment, where the defect has not been waived by the accused, has never been passed upon in Georgia. Next, it will be noted that everything said in the various Georgia Reports cited, as to the validity or invalidity of an indictment which fails to disclose the names of the grand jurors finding the indictment, is mere obiter. Again, it will be observed, from the language used by Justice Cobb in 121 Ga. 362, supra, that our Supreme Court has expressed the opinion that under the statute as to the form for indictment in this State, it is mandatory that the names of the grand jurors should be inserted in

the indictment; and although this opinion was not necessary to a determination of the case in which it was rendered, and therefore was a mere obiter, we consider it well founded in reason and law, and in our judgment it expressed what the 'Supreme Court would have held had the point been distinctly at issue. See also *Hardin* v. *State,* 106 *Ga.* 384 (32 S. E. 365, 71 Am. St. R. 269).

Section 954 of the Penal Code prescribes a set form for every indictment or accusation, and in that form appear several blanks, to wit: ' a blank for the name of the county, in the heading; another blank for the name of the county, to indicate for what county the grand jurors acting are selected, chosen, and sworn; a blank to be filled with the names of the grand jurors, and a blank to be filled with the description of the offense charged, etc. It seems to be well settled by the decisions in our State that the omission altogether from an indictment of the name of the county in which it is found is a fatal defect, provided objection is made at the proper time and in a proper manner (*Forrester* v. *State,* supra; *Lambert* v. *State,* supra; *Stevens* v. *State,* 76 *Ga.* 96) ; and it is argued in the case of *Williams* v. *State,* supra, that since this omission may be waived by the defendant, the names of the grand jurors may be likewise waived by a plea to the merits and failure to object at the proper time. If the existence of a blank for the name of the county, and of a blank for the description of the offense charged in the statutory form of an indictment, indicates the expectation that these blanks should be properly filled, certainly the same inference could be legitimately drawn as to the blank left in the statutory form for the insertion of the names of the grand jurors. In other words, it seems to us the intention of the legislature, in prescribing the form for indictments, is manifest, and that it is just as essential under our statute that the names of the grand jurors finding the bill should be incorporated somewhere in the indictment as, that the name of the county where the court sits and for which the grand jurors are acting, and the description of the offense charged against the accused, should be therein set forth.

Aside from the fact that we must bow to the requirements of the statute, it seems to us that reason and justice strongly sustain the proposition that the names of the grand jurors finding the indictment should appear therein. As a matter of common practice, it often happens that the prosecuting officer finds jurors disqualified

in certain cases, and, under proper procedure, has extra jurors
sworn to sit in the investigation thereof; so an examination of the
minutes of the court would not always readily disclose to the de-
fendant or his counsel what jurors found the indictment in any
particular case; and especially is this true where, after the term
begins, counsel is appointed to defend those unable to engage coun-
sel long enough before the trial term to make all needful investiga-
tions and closely scrutinize the minutes to ascertain the personnel
of the grand jury that found the bill. In this way injustice might
be done, notwithstanding the exercise of all possible diligence on
the part of counsel; and at all events the inclusion in the indictment
of the names of the grand jurors could in nowise tend to interfere
with the orderly enforcement of the law, and it appears to us that
definite and certain knowledge on this point at the time of trial,
from the recitals in the bill of indictment itself, is a right preserved
to those accused of crime, under the express provision of our code
referred to above.

Then, too, the law requires that at least twelve grand jurors
should agree to an indictment or presentment, and not less than
eighteen actually participate in finding it, and should the names
of the jurors participating not appear in the indictment, how and
in what manner could any defendant, even with ample time for in-
vestigation, ascertain with certainty what particular jurors took
part in finding the true bill against him; especially since grand
juries seldom keep and never preserve exact minutes of all their
actings and doings in the investigation of criminal charges, and
the minutes of the court itself would not necessarily disclose which
jurors were otherwise engaged, or absent on committee duty, and
thus failed to participate, or whether any disqualified jurors actually
passed upon the bill?

It may be said that if special tales jurors should be empaneled
to relieve any members of the jury who might be disqualified, that
fact would appear upon the minutes of the court, and that from
the entry upon the minutes the accused could inform himself as to
the identity of such talesmen and of their disqualification in any
respect, if, indeed, they were disqualified for any reason. However,
there would still be no opportunity for the defendant to ascertain
whether the talesmen selected did in fact serve in the investigation
of the particular case, or as to whether after the inclusion of the

talesmen the grand jury consisted of more than twenty-three or of not less than eighteen, or whether as many as twelve of those who heard the testimony voted in favor of the accusation. What the law requires is that the indictment itself, as the essential pre-existing basis of the trial, shall for itself disclose that it was found and returned according to law. The accusation should show for itself that there was compliance with the requirement that at least eighteen and not more than twenty-three qualified grand jurors shall compose the grand inquest whose action is necessary as a preliminary to placing the accused on trial for crime. Whatever may be the law in other jurisdictions, it seems plain to us that this is the law of Georgia.

We can readily understand how the trial judge could overrule the demurrer to the indictment in this case, upon a hasty reading of the decision in *Williams* v. *State,* supra, where the pressure of affairs in the actual trial of this and other cases doubtless denied him an opportunity to closely scrutinize the decision and to note, by comparison with other decisions of our Supreme Court, not only that the expression as to the value of an indictment from which the names of the grand jurors are omitted was a mere obiter, but also that under the reasoning in that case and in all other cases in this State touching this point or kindred points, the doctrine of waiver seems to be involved and forms the basis for the decisions rendered.

We therefore hold that the court erred in failing to sustain the demurrer and quash the indictment because the names of the grand jurors who found it did not appear anywhere therein.

It is unnecessary to discuss other assignments of error in the bill of exceptions, since our ruling obviates any consideration thereof.

*Judgment reversed. Roan, J., absent.*