## 43679. GENERAL v. THE STATE.
(349 SE2d 701)

WELTNER, Justice.

Lamar General shot and killed Gloria Moore with a handgun. He was convicted of murder and sentenced to life imprisonment.[1] The relationship between General and the victim had existed for approximately five years, and was marked by conflict and violence. Prior to her death, Moore had shot and cut General on separate occasions. Moore was killed at a convenience store where she and her companion, Marshall, were waiting to purchase gas. General approached the vehicle, opened the door on the passenger's side, and shot Moore three times. She died almost immediately.

Marshall testified that General pointed a pistol at Marshall's head, and said "I've got you now"; that General then fired the pistol at Moore; that Moore had no weapon. A witness to the killing testified that he heard General say: "I told you I was going to get you."

A short time after the shooting, General appeared at the office of the sheriff. He surrendered a handgun which he said he had taken from Moore before he shot her. He told the sheriff that his own weapon (the one he had used to shoot Moore) fell from his pocket while he was on his way to the sheriff's office and that he was unable to find it. General was advised properly of his rights, and then stated, three times, that he had taken Moore's gun away from her before he shot her.

The homicide weapon was never found. Later, General told the sheriff he wanted to correct his statement; that he had lied earlier; and that when he shot Moore, she had in her hand a pistol.

At the trial General testified that he shot Moore only after she had drawn a pistol.

1. General contends the verdict is contrary to law, contrary to the evidence, and is strongly against the weight of the evidence. The evidence clearly was sufficient to support the jury's verdict. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. General assigns error on the trial court's refusal to grant his motion for mistrial, which was made following the district attorney's

---

[1] General was indicted on May 6, 1985, and was convicted and sentenced on June 18, 1985. He filed his motion for a new trial on July 2, 1985, which was amended on April 4, 1986. The amended motion was denied June 19, 1986. Defendant's notice of appeal was filed June 24, 1986, and the appeal was docketed here on July 29, 1986, and was submitted for decision on August 22, 1986.

closing argument. When General's lawyer was making his closing argument, he stated that General's life was in the hands of the jurors. The district attorney did not bring this matter to the court's attention, and did not at that time ask for a curative charge. However, in argument he said: "This is not a capital case, and this is not a death penalty case."

The denial of the motion was not error.

3. General assigns as error the trial court's refusal to give a requested charge as follows: "Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence." The request, based on *Patrick v. State*, 75 Ga. App. 687 (44 SE2d 297) (1947), is appropriate only when *all* of the evidence is circumstantial. *Johnson v. State*, 230 Ga. 196, 201 (196 SE2d 385) (1973). There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 1986.

*Bowles & Bowles, Jesse G. Bowles III*, for appellant.

*Charles M. Ferguson, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General*, for appellee.