## S90A0432. HAWKINS v. THE STATE.
### (390 SE2d 836)

WELTNER, Justice.

William Y. Hawkins shot and killed Karis Small with a handgun. He was convicted of felony murder and two counts of aggravated assault, and was sentenced to life imprisonment and to terms of years.[1]

On the day of the homicide, Hawkins engaged in an altercation with Clifford Denson. He later returned in an automobile to the scene, where several people were gathered. Before firing the weapon, Hawkins said, "If you don't believe me, stand there." Hawkins then fired two shots from inside the car, one of which struck and killed Small. Others of the group were frightened and fell to the ground when they heard the firing. Hawkins told a police officer, who captured him after a high-speed chase, "I didn't mean to, you know. I'm just mad and —." Hawkins claimed that he had fired into the air to frighten and disperse the crowd. Denson was elsewhere at the time.

1. The evidence was sufficient to enable a rational trier of fact to find Hawkins guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. (a) Hawkins assigns error to the trial court's refusal to give his requested charges on involuntary manslaughter under OCGA § 16-5-3 (a) (misdemeanor manslaughter); on pointing a firearm at another under OCGA § 16-11-102; and on simple assault under OCGA § 16-5-20. He contends that: there was doubt as to intention to kill; the crowd was composed of his friends, who knew that he would not harm them intentionally; a handgun is not a deadly weapon under all circumstances; and there was evidence that the projectiles were defective, which affected their trajectory.

(b) Hawkins' testimony (that he fired the shots with the intention of frightening the group) established as a matter of law the offense of aggravated assault. The evidence that members of the group were frightened and dropped to the ground is inconsistent with Hawkins' theory for the requested charges. *Binns v. State,* 258 Ga. 23 (2) (364 SE2d 871) (1988), citing *Rhodes v. State,* 257 Ga. 368, 369 (359

---

[1] The crimes were committed on June 5, 1989, and Hawkins was indicted on August 7, 1989. He was convicted on September 21, 1989, and was sentenced the same date. A notice of appeal was filed on October 9, 1989. The appeal was docketed on January 2, 1990, and was argued before this court on March 13, 1990.

SE2d 670) (1987). There was no error.

3. (a) Hawkins assigns error to the trial court's refusal to give his requested charge that the jury could not convict him of both the murder and the underlying felony of aggravated assault.

(b) Hawkins was not indicted separately for aggravated assault upon Small. The charge allowing conviction of the underlying felonies as to victims *other* than Small was authorized by *Satterfield v. State*, 248 Ga. 538 (3) (285 SE2d 3) (1981).

4. (a) Hawkins contends that the trial court erred in refusing to delete the names of the grand jurors from the indictment, arguing that the publishing of names of prominent and influential members of the small community lent undue credibility to the charges against him.

(b) The indictment would have been defective had it failed to show the names of the grand jurors who returned it. OCGA § 17-7-54; *Willerson v. State*, 14 Ga. App. 451 (81 SE 391) (1914). Hawkins was afforded full and complete voir dire in which to discover any prejudice or bias, and the jury was instructed at the outset of the charge that the indictment was not evidence of guilt. There was no error.

5. (a) Hawkins assigns error to the trial court's refusal to charge on mistake of fact, contending that the jury could have inferred that, had he known of the defective condition of the bullets, he would not have aimed "over the heads" of his "friends."

(b) There was no misapprehension of fact that would have justified Hawkins' act under OCGA § 16-3-5, because his intentionally firing into the crowd to frighten them constituted aggravated assault. See Division 2 (b), ante. There was no error.

6. (a) Hawkins contends that the trial court erred in refusing to charge on the "two theories" of circumstantial evidence. For a discussion of the propriety of the requested charge, see *General v. State*, 256 Ga. 393 (3) (349 SE2d 701) (1986).

(b) Hawkins' testimony established by direct evidence his intent to commit aggravated assault. Division 2 (b), ante. "The request . . . is appropriate only when *all* of the evidence is circumstantial. [Cit.] There was no error." 256 Ga. at 394.

7. (a) Hawkins assigns error to several rulings of the trial court that had the effect of excluding evidence of Small's use of cocaine, which he contends could have explained the alleged "erratic" movements of the victim.

(b) OCGA § 24-2-2 provides:

The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders nec-

essary or proper the investigation of such conduct.

There being no defense of justification here, and Hawkins having demonstrated the criminal intent to commit the underlying felony of aggravated assault, *Holliman v. State*, 257 Ga. 209, 210 (1) (356 SE2d 886) (1987), there was no error in excluding the evidence.

8. (a) Hawkins subpoenaed, as his witnesses, the sheriff and Small's mother. He contends that it was error to permit them, over objection, to remain in the courtroom. Neither was called to the stand. Hawkins argues that the presence of the sheriff, along with an investigator from the Georgia Bureau of Investigation, and the presence of the victim's mother gave undue credence to the state's evidence, and injected bias into the case.

(b) In *Travelers Ins. Co. v. Trans State, Inc.*, 172 Ga. App. 763, 764 (1) (324 SE2d 585) (1984), the Court of Appeals held:

> The rule of sequestration as codified in OCGA § 24-9-61 applies to "witnesses of the *other* party." (Emphasis supplied.) The witness who was not sequestered had been subpoenaed by appellant. [Cit.]

Additionally, "the sheriff is an officer of the court, and may be excepted from the rule on the court's own initiative." *Childs v. State*, 257 Ga. 243, 251 (11) (357 SE2d 48) (1987). The trial court did not abuse its discretion in allowing the witnesses to remain in the courtroom.

9. (a) Hawkins urges that the trial court erred in sustaining an objection to his counsel's closing argument, in which he asked the jury to speculate whether the deceased victim would have wanted his friend (Hawkins) convicted of murder.

(b) OCGA § 17-8-75 provides in part:

> Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same.

There was no evidence that the victim would *not* have wanted Hawkins to be convicted, nor was it a necessary inference from evidence of any friendship. There was no error.

10. (a) Hawkins contends that the trial court abused its discretion in giving sua sponte an *"Allen"* charge[2] after the jury had been deliberating for less than three hours, and had reported no indication of deadlock. He argues that the court was unduly influenced by the

---

[2] See *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).

possibility of hazardous weather conditions.

(b) The charge as given has been approved by this court as not coercive. See *Romine v. State*, 256 Ga. 521 (1) (350 SE2d 446) (1986). "The decision as to the giving of such a charge does not depend on a finding that the jury is deadlocked. [Cit.]" *Sanders v. State*, 257 Ga. 239, 243 (7) (357 SE2d 66) (1987). There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 13, 1990 —
RECONSIDERATION DENIED MAY 2, 1990.

*Sutton & Slocumb, Ronald W. Hallman,* for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.